### 10724. STANDIFER *v.* THE STATE.

BROYLES, C. J. 1. Every special ground of a motion for a new trial must be complete and understandable within itself. It is impossible for this court, from a reading of the first special ground of the motion for a new trial, to say whether the court erred in admitting the testimony therein complained of. A reference to the brief of the evidence would be necessary to decide that question. This ground, therefore, can not be considered.

2. Upon the trial of one charged with murder, it is not permissible for the State to introduce in evidence the sworn testimony of the accused given as a witness at the coroner's inquest, where the accused, although not then under arrest, was sworn not on his own motion but on that

of the coroner, and where, although questioned by the coroner in regard to the homicide and his connection with it, he was not informed of his right to refuse to answer any question which might tend to incriminate him. Under such circumstances the testimony elicited by the coroner could not be considered as having been voluntarily given. See, in this connection, *Adams* v. *State*, 129 *Ga.* 248 (58 S. E. 822, 17 L. R. A. (N. S.) 468, 12 Ann. Cas. 158); Tuttle *v.* People, 33 Colo. 243 79 Pac. 1035, 70 L. R. A. 33, 3 Ann. Cas. 513).

3. Under the foregoing ruling the court erred in admitting in evidence, over the timely and appropriate objections of the defendant, the sworn testimony of the accused given at the coroner's inquest held upon the body of the deceased.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 4, 1919.

Conviction of manslaughter; from Jasper superior court—Judge Park. June 7, 1919.

*W. S. Florence, Greene F. Johnson,* for plaintiff in error.
*Doyle Campbell, solicitor-general,* contra.